| | |
|---|---|
| **From:** | Kyle Daly |
| **Sent:** | Monday, December 2, 2019 2:13 PM |
| **To:** | Donna Andrieu |
| **Subject:** | Lerone Lewis KA |

Per your request, here's a summary of the issues I've had to deal with after taking over this case from Scott, who is on leave.

In our brief, there are multiple inaccuracies including (a) this case involved a 12-person jury (it was 6), (b) La. C. Cr. P. art. 1767 allows a judge to excuse a juror for cause at any time up to the beginning of the taking of evidence (there is no 1767, though I think he meant 797), and (c) two investigators testified regarding their search to find a witness (it was one and our characterization of that testimony could be viewed as exaggerated). We did not object to Paul Frampton enrolling on the case thereafter and filing a supplemental brief, which included two additional assignments of error, and we did not respond to that supplemental brief. Frampton raised some of the inaccuracies in our brief in a motion opposing my motion to enroll in this case and at the oral argument (once he knew Scott was not going to be around to defend himself), and Judge Ledet specifically asked me to address them during argument. I did the best I could, essentially stating that I'm confident none of the inaccuracies were intentional misrepresentations. As I've noted, I think we are sunk on the double jeopardy issue as a result of Judge Hunter's sua sponte mistrial, and that there is nothing an appellate DA could have done or can do to ultimately save this conviction. That said, we did not look so great in the way we handled this one.