**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| LERONE LEWIS, <br><br> Petitioner, <br><br> v. <br><br> JASON KENT, Warden of Dixon Correctional Institute, <br><br> Respondent. | 3:20-cv-00484-JWD-EWD |

**UNOPPOSED AMENDMENTS TO HABEAS PETITION**

Recently discovered records in the District Attorney's possession indicated there were (in the District Attorney's words) "multiple inaccuracies," both factual and legal, in the District Attorney's representations to the Fourth Circuit Court of Appeal. Because some of these representations were erroneously adopted by the state court in affirming Mr. Lewis's conviction, the parties now jointly seek to clarify the record. Respondent has reviewed this filing and agrees that it represents a correct statement of the facts relevant to Mr. Lewis's cases.

I.     **Facts**

The District Attorney's representations to the Fourth Circuit Court of Appeal—which were, in turn, adopted by the Fourth Circuit Court of Appeal—contained factual inaccuracies concerning the availability of witness Latasha Coleman.

As a recently discovered internal memorandum states:

In our brief, there are multiple inaccuracies including . . . (c) two investigators testified regarding their search to find a witness (it was one and our characterization of that testimony could be viewed as exaggerated).

1

*See* Ex. 1. Prosecutors declined to correct the record—despite being requested to do so by Mr. Lewis's counsel after oral argument and before a ruling, *see* Habeas Petition, Rec. Doc. 1, ¶ 30 and Doc. 1-17 —and the Fourth Circuit Court of Appeal erroneously adopted the State's inaccurate representations in its opinion denying Mr. Lewis's appeal. The parties do not agree on the impact of the false or inaccurate statements.

In addition, recently discovered records contain information that may be relevant to the question whether the State's efforts to procure the witness's presence were as diligent as represented. *See* Tr. at 3, 5 (Oct. 17, 2018) ("She is unavailable . . . We did try diligently. . . . [T]he standard under that case is a good faith and a diligent effort and we've made that, Your Honor."). Specifically, six days before the scheduled trial, on October 11, 2018, the lead prosecutor (John Nickel) first reached out to a District Attorney Social Worker (Melissa Lewis) concerning his efforts to contact the witness (Ms. Coleman). He indicated for the first time that he could "use a hand" contacting Ms. Coleman because he was "running short on time, and ha[d] 1000 things to do." *See* Ex. 2. But Ms. Lewis was unable to assist. Several hours later, she emailed District Attorney Investigator Sandy Givens: "My mother is in the hospital I'm [sic] NC I have no info on this vic sbf   I'm trying to deal with the situation. Can you please help John? Sent from my iPhone" *See* Ex. 3. There is no evidence in (over 700 pages of) the District Attorney's files, however, that Mr. Givens assisted in looking for Ms. Coleman until moments before trial on October 16, 2018. It appears Mr. Givens was in possession of "additional contact information" for Ms. Coleman the entire time. Once he shared with Mr. Nickel and Ms. Lewis this contact information on October 16, 2018—information that (Ms. Lewis emphasized in her notes) she "did not have" previously— Ms. Coleman was contacted within hours.

The District Attorney failed to disclose the foregoing to Mr. Lewis and to the courts over the past two and a half years. And because no witness with knowledge of the pre-October 17 efforts to locate Ms. Coleman ever testified—contrary to the District Attorney's incorrect statements to the Fourth Circuit Court of Appeal—Mr. Lewis was unable in the state courts to elicit this information through cross-examination of witnesses.

While the parties continue to dispute the merits of Mr. Lewis's Confrontation Clause claim, the parties agree that given the troubling lack of candor before the state court(s), deference is not owed to the state courts' factual determinations or the legal conclusions based on them.

## II.     Law

The parties continue to dispute the proper interpretation of the State courts' disposition of Mr. Lewis's *Batson* claim[1] and Double Jeopardy claim.[2] However, upon further consultation, the parties agree that, to the extent any state procedural rules were relied upon by the state courts, such rules are not "firmly established and regularly followed." *Johnson v. Lee*, 578 U.S. 605, 608 (2016).[3] Should the Court be inclined to dismiss on the bases urged by Respondent, the parties request the opportunity for further briefing on whether "the State has a legitimate interest in enforcing its procedural rule" in this forum. *Michigan v. Tyler*, 436 U.S. 499, 512 n.7 (1978).

---

[1]   Mr. Lewis maintains the court erroneously thought Mr. Lewis never objected to the peremptory strike; the District Attorney's position remains that the court concluded that Mr. Lewis's failure to object to the denial of his *Batson* challenge "waived" the issue.

[2]   Mr. Lewis maintains the court rejected his Double Jeopardy claim on the merits; the District Attorney's position remains that the state court applied a state procedural rule, but if the procedural rule was not fairly applied, that the trial court was justified for the reasons set forth in Judge Bartholomew-Woods' concurrence in the Court of Appeals' decision.

[3]   The parties do not agree on the legal significance of an internal memorandum between the Assistant District Attorney who opposed Mr. Lewis's appeal and the then-head of the District Attorney's Appellate Division which reads: "As I've noted, I think we are sunk on the double jeopardy issue as a result of Judge Hunter's sua sponte mistrial, and that there is nothing an appellate DA could have done or can do to ultimately save this conviction. That said, we did not look so great in the way we handled this one." *See* Ex. 1.

Respectfully submitted,


/s/ *Thomas W. Frampton*
Thomas W. Frampton, La. Bar No. 35775
*Counsel for Petitioner Lerone Lewis*
Associate Professor
University of Virginia School of Law
580 Massie Road
Charlottesville, VA 22903
tel: 202.352.8341
*Affiliation for Identification Only*