UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| LERONE LEWIS,<br><br>      Petitioner,<br><br>v.<br><br>JASON KENT, Warden of Dixon Correctional Institute,<br><br>      Respondent. | 3:20-cv-00484-JWD-EWD |

**MOTION TO WITHDRAW REFERRAL TO MAGISTRATE JUDGE
AND REQUEST FOR IMMEDIATE STATUS CONFERENCE**

It has been 478 days since this matter was fully briefed. *See* R. Doc. 9. It has been 480 since Mr. Lewis's second motion for "expedited" consideration was denied. *See* R. Doc. 8 ("[Mr. Lewis] renews his request for the Court to adhere to the statutory timelines established under 28 U.S.C. § 2243 for adjudicating his petition"). And it has been weeks since Respondent effectively conceded, *inter alia*, that that there has been no procedural default of Mr. Lewis's Equal Protection and Double Jeopardy claims in state court, *see* R. Doc. 12, at 4. This legal concession should be dispositive because procedural default was Respondent's sole basis for opposing relief for Mr. Lewis on those two claims. *See* R. Doc. 9; *see also* R. Doc. 10, at 1.

Even before these concessions, Mr. Lewis's unconstitutional imprisonment should have ended long ago. Unlike most habeas proceedings before the Court, Mr. Lewis's petition: (1) asserts claims arising from an unusually brief trial (lasting less than a day); (2) involves just three assignments of constitutional error; and (3) benefits from clear briefing authored by counsel.

1

And, critically, Mr. Lewis's Petition involves allegations of grave wrongdoing by state prosecutors. Mr. Lewis asserts (and Respondent now effectively concedes, *see* R. Doc. 12) that prosecutors made numerous false statements to both the state trial court and state appellate courts which they knowingly failed to correct; Mr. Lewis asserts (and both parties are in possession of an audio recording corroborating) that then-District Attorney Leon Cannizzaro was begged to correct the record, but chose not to do so, before the state courts adopted these lies in affirming Mr. Lewis's conviction. *See* R. Doc. 1-17 (discussing conversation with District Attorney). *But see* 28 U.S.C. §§ 241, 242.

There is more reason for this Court's prompt involvement. Why did the initial pleadings, submitted by Attorney General Landry, misrepresent state law? Why did Attorney General Landry fail to address Mr. Lewis's allegations that District Attorney Leon Cannizzaro and his employees purposely misled the state courts? Why did it take subsequent Public Records Act requests by Mr. Lewis to uncover the internal documents and memoranda revealing (1) that prosecutors lied and (2) that even they believed Mr. Lewis's conviction was unconstitutional? *See* R. Doc. 12-2 ("In our brief, there are multiple inaccuracies . . . [W]e are sunk on the double jeopardy issue . . . [and] there is nothing an appellate DA could have done or can do to ultimately save this conviction."). Because, it turns out, the Assistant Attorney General who filed the "Response" almost certainly never reviewed the pleading, the District Attorney's files, or the record of state court proceedings, at least not in any meaningful way. Rather, the Assistant Attorney General appears to have signed a ghostwritten "Response" just minutes after first receiving the draft document (and the entirety of the state court record) via email from one of Leon Cannizzaro's Assistant District Attorneys, whose authorship was not disclosed. *See* Ex. 1, Ex. 2. Even if a pleading contains no errors of fact or law (unlike this one), failure to make a

"reasonable inquiry" into the factual and legal claims contained in a pleading constitutes sanctionable misconduct. See F.R.C.P. 11.[1] The failure to make reasonable inquiry in Mr. Lewis's case has now prolonged his unconstitutional detention by at least 16 months.

Mr. Lewis recognizes the strain of heavy caseloads under which this Court and the Magistrate Judges are laboring, particularly during the ongoing pandemic. But the Great Writ was meant to provide a "swift and imperative remedy in all cases of illegal restraint or confinement." *Fay v. Noia*, 372 U.S. 391, 400 (1963). An application for a writ of habeas corpus "usurps the attention and displaces the calendar of the judge or justice who entertains it and receives prompt action from him [or her]," *Ruby v. United States*, 341 F.2d 585, 586-87 (9th Cir. 1965), or at least it should. *See also Wallace v. Heinze*, 351 F.2d 39, 40 (9th Cir. 1965) ("[D]ispatch is the keynote in all phases of habeas corpus and the statutory limitation of time is clearly directed to that end").

Under General Order No. 2004-05 this matter was "automatically referred to the assigned magistrate by the clerk of court," but Mr. Lewis takes the unusual step of asking for the district judge to rescind that referral and consider his petition immediately. He does so because his case

---

[1] *See King v. Whitmer*, Case No. 20-cv-13134, ECF No. 172, at 36 ("To the extent Rohl asserts he should not be sanctioned because he read the pleading only on the day of its filing, the argument does not fly. Rule 11(b) 'obviously require[s] that a pleading, written motion, or other paper be read before it is filed or submitted to the court,' Fed. R. Civ. P. 11 Advisory Committee Notes (1993 Amendment), and the Court finds it exceedingly difficult to believe that Rohl read an 830-page complaint in just 'well over an hour' on the day he filed it. **So, Rohl's argument in and of itself reveals sanctionable conduct**. Rule 11(b) also explains that, by presenting a pleading to the court, an attorney certifies that 'to the best of the person's knowledge, information, and belief, formed after a reasonable inquiry under the circumstances,' the complaint is not being filed for an improper purpose and is well-grounded in law and fact. Fed. R. Civ. P. 11(b).") (emphasis added). *Cf. Frampton v. City of Baton Rouge*, R. Doc. 49, at 69 Case No. 21-cv-003620JWD-SDJ (M.D. La. 2022) (discussing non-compliance with analogous requirement under Louisiana law).

is exceptional and because "[u]ndue delay in the disposition of habeas corpus cases is unacceptable." *See In re Habeas Corpus Cases*, 216 F.R.D. 52, 53 (E.D.N.Y. 2003) (Weinstein, J.).

Respectfully submitted,

/s/ *Thomas W. Frampton*
Thomas W. Frampton, La. Bar No. 35775
*Counsel for Petitioner Lerone Lewis*
University of Virginia School of Law
580 Massie Road
Charlottesville, VA 22903
tel: 202.352.8341
*Affiliation for Identification Only*